## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

LUIS A. BOCANEGRA,                     )
                                       )
Plaintiff,                             )
                                       )
    vs.                                )          NO. 3:08-CV-188
                                       )
MICHAEL BOOKS, Sheriff, *et al.*,      )
                                       )
Defendants.                            )

### OPINION AND ORDER

This matter is before the court *sua sponte* pursuant to 28 U.S.C. Section 1915A. For the reasons set forth below, the court **DISMISSES**, pursuant to Section 1915A, all claims against Defendant Michael Books, and allows Plaintiff to proceed against Defendant Dave Kerk, in his individual capacity, for damages on his claim that Kerk used excessive and unnecessary force on him while he was confined at the Elkhart County Jail.

BACKGROUND

Luis Bocanegra is a pretrial detainee confined at the Elkhart County Jail. The defendants are Elkhart Sheriff Michael Books and Corporal Dave Kerk, a custody officer at the jail. Bocanegra alleges that Cpl. Kerk used a taser gun on him without any cause.

DISCUSSION

Pursuant to 28 U.S.C. section 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity." Bocanegra is a prisoner as defined in Section 1915A(c) and the defendants he seeks redress from are government officials.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint that does not state a claim upon which relief can be granted. The court applies the same standard under section 1915A as when addressing a motion under Rule 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3(quotation marks and citation omitted). Furthermore, "on

2

a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*, 127 S.Ct. at 1965, *citing Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quotation marks omitted).

Plaintiff brings this action pursuant to section 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under section 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every section 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Bocanegra alleges that Cpl. Kerk used excessive force on him. "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Conner*, 490 U.S. 386, 394, (1989). "*All* claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness standard.'" *Graham v. Conner*, 490 U.S. at 395,

3

(emphasis in original). The Fourteenth Amendment's due process clause protects pretrial detainees from excessive use of force, and the Eighth Amendment's cruel and unusual punishments clause protects those convicted of crimes from excessive use of force. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979. The rights of pre-trial detainees are derived from the Fourteenth Amendment's Due Process Clause, but "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988).

Because the plaintiff was a pretrial detainee when the incident he complains of occurred, the court will analyze his allegations under the Fourteenth Amendment's due process clause, which uses the Eighth Amendment standard. A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). A custody officer's use of physical force against an inmate may give rise to an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1 (1992); *Whitley v. Albers*, 475 U.S. 312 (1986). In evaluating whether a jail official used excessive force, the court is to consider

4

factors such as the need for the application of force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *Whitley v. Albers*, 475 U.S. at 321.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Giving Bocanegra the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his excessive use of force claim against Cpl. Kerk under the standards set forth in *Hudson v. McMillian*.

Bocanegra also names Sheriff Books as a defendant, though it is unclear whether he intends to sue him in his official capacity, individual capacity, or both. An official capacity damage claim against a municipal official "is not a suit against the official as an individual; the real party in interest is the entity." *Wilson v. Civil Town of Clayton, Indiana*, 839 F.2d 375, 382 (7th Cir. 1988). Municipalities cannot be held liable for damages under section 1983 unless a governmental policy or custom caused the alleged violation of the plaintiff's rights. *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978). The court does not read Bocanegra's complaint as alleging that Cpl. Kerk tased him as a result of a policy

established by the sheriff or as a result of a widespread practice or custom. According to the complaint, Cpl. Kerk acted against him because he complained to Cpl. Kerk about being moved out of a bottom bunk.

Section 1983 creates a cause of action for damages against an official in his individual capacity based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A person cannot be held liable for damages under section 1983 unless the person was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to section 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

Bocanegra does not allege that Sheriff Books was personally involved in the incident he complains of, or was even aware that it was occurring. Sheriff Books is Cpl. Kerk's superior, but Bocanegra

6

may not rely on the doctrine of *respondeat superior* to name him as a defendant. *Moore v. State of Indiana*, 999 F.2d at 1129.


<u>CONCLUSION</u>

For the foregoing reasons, the court:

(1) **GRANTS** the Plaintiff leave to proceed against Defendant Dave Kerk in his personal capacity for damages on the Plaintiff's Fourteenth Amendment excessive use of force claim;

(2) **DISMISSES** Defendant Michael Books pursuant to 28 U.S.C. § 1915A(b)(1);

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that Defendant Kerk respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on Defendant Kerk on the Plaintiff's behalf, and **DIRECTS** the Clerk's Office to ensure that a copy of this order is served on him along with the summons and complaint.


**DATED: June 23, 2008**          /S/RUDY LOZANO, Judge
                              **United States District Court**


7